1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES MILLER,

            Plaintiff,

    v.

HEATHER SHIRLEY, *et al.*,

            Defendants.

Case No. 1:23-cv-00510-EPG (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND PROSECUTE

ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE

      Charles Miller ("Plaintiff") is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 5, 2023, United States Magistrate Barbara A. McAuliffe issued an order severing Plaintiff's claim(s) from a conditions-of-confinement suit brought by multiple individuals confined at Wasco State Prison. (ECF No. 1). Plaintiff was ordered to file "a signed complaint (personally signed by that individual plaintiff), or a notice of voluntary dismissal" within forty-five days. The Court's order stated that "[n]o requests for extension of time will be granted without a showing of good cause. A Plaintiff's failure to comply with this order will result in dismissal of that Plaintiff's individual action." (*Id.*, p. 4).

      Plaintiff has not yet filed either a signed complaint or a notice of voluntary dismissal, and the time to do so has passed. Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case and to comply with a Court

order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Id.* Plaintiff has failed to file a signed complaint or otherwise comply with the Court's order. This failure is delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file a signed complaint is causing delay and preventing this case from progressing. The Court is unable to proceed in this case without a signed complaint, and the case cannot proceed without Plaintiff. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* application, it appears that monetary sanctions are of little use. And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal

1
2 being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

3
4 Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

5
6 After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

7
8 1. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and prosecute this case; and

9 2. The Clerk of Court be directed to close this case.

10
11
12
13
14
15 These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

16
17 Additionally, IT IS ORDERED that the Clerk's Office assign a district judge to this case.

18 IT IS SO ORDERED.

19
20 Dated:   **July 11, 2023**                    /s/ *Erica P. Grosjean*
                                               UNITED STATES MAGISTRATE JUDGE

21
22
23
24
25
26
27
28

3